**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

RONNIE DICKSON                                                          PLAINTIFF

VS.                  NO. 3:21-cv-00059-DPM

ENTERGY ARKANSAS, LLC, d/b/a Entergy,
and ENTERGY OPERATIONS, INC.,
d/b/a Entergy                                                DEFENDANTS

This case assigned to District Judge Marshall
and to Magistrate Judge Deere

**COMPLAINT**

1. On August 19, 2020, Plaintiff, Ronnie Dickson ("Dickson"), was terminated from his employment with Defendants, Entergy Arkansas, LLC, d/b/a Entergy, and Entergy Operations, Inc., d/b/a Entergy (collectively "Entergy"), pretextually, allegedly for using racially derogatory language. Plaintiff Dickson is Caucasian.

2. Plaintiff is entitled to relief for discriminatory acts committed against him by Entergy, conspiratorially, herein under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., Americans with Disabilities Act of 1990, as amended ("ADA"), the Civil Rights Act of 1991, the Arkansas Civil Rights Act of 1993, and retaliation.

3. Specifically, Plaintiff claims Entergy discharged him because of his disability, or because he was viewed as having a disability by Entergy.

4. Plaintiff also alleges, pursuant to the whistleblower protection provision of the federal False Claims Act, 31 U.S.C. § 3730(h), Entergy discharged him in retaliation for his complaints, grievance, filed with authorities against his supervisor, Brandon Decker. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345, and 31 U.S.C. § 3730(h).

## JURISDICTION

5. The Court has jurisdiction over the subject matter of this action pursuant to 28 USC § 1332(a) because the matter in controversy exceeds the jurisdictional threshold, exclusive of costs, it is between citizens of different states, and because the Defendant has certain minimum contacts with the State of Arkansas such that the maintenance of the suit in this district does not offend traditional notions of fair play and substantial justice.

6. Venue in the United States District Court for the Eastern District of Arkansas, Northern Division, is proper pursuant to 28 USC § 1391(a)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims and causes of action occurred in this judicial district, and because Defendant was subject to personal jurisdiction in this judicial district at the time of the commencement of this action.

7. Jurisdiction for this action is provided by the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., race discrimination, and the ADA, 42 U.S.C. § 12112(a). Plaintiff seeks damages for more than is required for federal diversity jurisdiction.

8. Plaintiff Dickson is entitled to damages against Defendants, Entergy Arkansas, LLC, d/b/a Entergy, and Entergy Operations, Inc., d/b/a Entergy.

## SUPPLEMENTAL JURISDICTION

9. "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). Many

of the state law claims asserted herein by Plaintiff as hereinafter set forth can be heard by this Court as a matter of supplemental jurisdiction.

10. This is a legal action seeking compensatory and punitive damages as well as equitable remedies.

11. Plaintiff timely filed a Charge of Discrimination on the basis of race discrimination, the ADA, and retaliation with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Suit Rights on or about December 21, 2020, attached hereto as *"Exhibit A."*

## PARTIES

12. Plaintiff, Ronnie Dickson, is an adult citizen of the state of Arkansas, residing in Blytheville, Mississippi County, Arkansas, within the boundaries of the Eastern District of Arkansas, Northern Division.

13. Defendant, Entergy Arkansas, LLC, d/b/a Entergy, is a foreign Limited Liability Company, organized under the laws of the State of Texas, authorized to do business in the State of Arkansas.

14. Defendant, Entergy Operations, Inc., d/b/a Entergy, is a foreign for-profit corporation, organized under the laws of the State of Delaware, authorized to do business in the State of Arkansas.

15. William Webster Darling, 425 W. Capitol Avenue, 27th Floor, Little Rock, AR 72201, is the registered agent to receive process for Defendants, Entergy Arkansas, LLC, d/b/a Entergy, and Entergy Operations, Inc., d/b/a Entergy.

## COUNT I
## (Race Discrimination)

16. As a direct and proximate result of the wrongful acts of Defendants, Plaintiff Dickson has suffered and will continue to suffer damages in lost wages, and damages to his professional reputation. Additionally, Plaintiff has and will continue to suffer mental anguish.

17. In depriving Plaintiff Dickson of a property right in his job and a liberty interest in his reputation, in violation of procedural due process, Entergy proximately violated his federally protected rights creating liability to him in constitutional tort.

18. Entergy engaged in a conspiracy to deprive Plaintiff of his employment.

19. That Entergy engaged in conduct designed to deprive Plaintiff Dickson of federally protected rights and state property rights. As a matter of constitutional tort and federal civil rights laws, Defendants herein who engage in such conduct to deprive Plaintiff of federally protected rights are jointly and severally liable to Plaintiff for the damages proximately caused by the aforesaid conspiratorial concerted actions.

20. That Plaintiff Dickson is disabled, or perceived as disabled by Entergy because of his work-related injury to his left arm, with limitations of lifting five (5) pounds, and the conduct of Brandon Decker and Will DeSpain, Plaintiff's immediate supervisor, agents Entergy.

21. The actions of Entergy deprived Plaintiff Dickson of a property right in his job in violation of procedural due process. This occurred in several particulars but is not limited thereto, viz, disability discrimination pursuant to the Civil Rights Act of 1991, ADA, retaliation, and wrongful discharge as described herein.

22. Plaintiff had been employed with Entergy since 2011, approximately nine (9) years.

23. On July 22, 2020, Plaintiff sustained a work-related injury to his left arm when a door to his truck closed, slammed shut on Plaintiff's left elbow, and he was put on light duty, with no lifting over five (5) pounds.

24. Plaintiff had previously filed a grievance with his union and caused an ethics violation to be issued against his supervisor, Brandon Decker, over being sent home for two (2) days, although other employees under similar circumstances were not.

25. Brandon Decker, Plaintiff's supervisor, alleged Plaintiff stated, "a bunch of niggers are building in the area" which Plaintiff denied.

26. Not one of Plaintiff's crew corroborated Brandon Decker's allegation.

27. Plaintiff was sent home for two (2) weeks on August 7 or 14, 2020 during which a sham investigation was conducted.

28. Brandon Decker's operations coordinator, Will DeSpain, has used racial slurs in the past.

29. It is common for Caucasian employees of Entergy to use racial slurs.

30. On or about August 19, 2020, Plaintiff was terminated by a phone call after being put on a two-week leave, pretextually, for allegedly using racially derogatory language, which he denies, although the crew in the past has used racially derogatory language.

31. There were no blacks on Plaintiff's crew or in the office.

32. Plaintiff believes he was discriminated against because he is viewed as having a disability by management, and in retaliation for his previous complaints against Brandon Decker.

33. Plaintiff strictly follows the codes and regulations and insists on his crew doing the same, and believes he was discharged, in part, in retaliation for this reason.

34. Plaintiff suffered reverse race discrimination, pretextually, for allegedly using a racial slur, for his disability or perceived disability, and in retaliation for his grievance filed with his union against Brandon Decker, Plaintiff's supervisor.

(Conspiracy)

35. Any act done or declaration made by one of the conspirators in furtherance, aid, or preparation of the alleged conspiracy may be shown as evidence against his or her fellow conspirators.

36. The conspiracy, the agreement to cooperate and participate in their respective roles to terminate Plaintiff constitutes a *chain conspiracy*. That is, the conspiracy of the participants, Defendants, is characterized by different activities carried on with the same subject of conspiracy in a chain-like manner that each conspirator in a chain-like manner performs a separate function which served in the accomplishment of the overall conspiracy.

37. The conspiracy which is comprised of each individual Defendant constitutes a civil conspiracy, a concerted or combination of effort to cause injury to Plaintiff Anderson, to her person and property, which resulted in damage to her person and property as described herein.

38. To corroborate the conspiracy is the comity among and between the individual Defendants.

39. Each individual Defendant, out of deference and good will to each of the other individual Defendants, affirmed the conduct of each other without objective regard to the validity of their acts.

## COUNT II
(ADA)

40. Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if fully set forth herein.

41. Specifically, Plaintiff claims Entergy discharged him because of his disability, or because he was viewed as having a disability by Entergy, in violation of 42 U.S.C. § 1211(a), the ADA.

42. Plaintiff's doctor at UAMS, Dr. Frazier, put Plaintiff on light duty with no lifting over five (5) pounds.

## COUNT III
(Retaliation)

43. Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if fully set forth herein.

44. Plaintiff alleges his discharge was in retaliation for requesting medical treatment, taking medical leave, and for filing a grievance with his union.

45. Count III of this Complaint is for retaliation, a civil action by Plaintiff Dickson, individually, against Defendants under the whistleblower protection provision of the federal False Claims Act, 31 U.S.C. § 3730(h). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345, and 31 U.S.C. § 3730(h).

46. Plaintiff filed a grievance with his union which caused one ethics call to be made on his supervisor, Brandon Decker.

47. Plaintiff's grievance with his union against Brandon Decker was taken to a Step 3.

48. Plaintiff is not a yes man.

49. Four (4) of Plaintiff's friends quit, so Plaintiff was the only one of the group.

50. There is a lot of history between Plaintiff and his supervisor, Brandon Decker.

51. Plaintiff is a member of the IBEW Local 1439 out of St. Louis, Missouri, where he has paid dues for almost nine (9) years.

52. Everyone Plaintiff knew quit because of Brandon Decker.

53. Two years ago the employees were all journeymen linemen.

54. Today there are three (3) apprentice linemen, but no journeymen linemen; no one has experience and no one has a CDL. This situation is supposedly being investigated because of a grievance Plaintiff filed.

## COUNT IV
### (Slander)

55. Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if fully set forth herein.

56. In an interview with Plaintiff's union and Entergy's employee, Brandon Decker, an agent of Entergy, slandered Plaintiff by telling the union that Plaintiff had used the word "nigger."

57. Brandon Decker didn't have any evidence that Plaintiff used the word "nigger"; not one fellow employee corroborated Mr. Decker's statement.

58. On or about August 19, 2020, Plaintiff was terminated on the false pretense of using the word "nigger."

59. The aforementioned actions, conduct, and misconduct of Entergy, acting by its agents, Brandon Decker and Will DeSpain, and possibly other employees/managers within the scope of their authority, was done willfully and wantonly amounting to extreme emotional and outrageous conduct.

60. Such conduct has proximately caused damage to Plaintiff in the nature of ongoing emotional distress, and loss of income and damage to his reputation. The actions of Entergy taken against Plaintiff resulted in unabated continuing emotional distress for Plaintiff in reckless disregard of the consequences.

## COUNT V
### (Arkansas Civil Rights Act of 1993)

61. Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if fully set forth herein.

62. Plaintiff alleges a pendent state cause of action pursuant to the Arkansas Civil Rights Act of 1993, § 16-123-107, et seq.

63. Arkansas Code Annotated 16-123-107(a) provides:

(a) The right of an otherwise qualified person to be free from discrimination because of race, religion, national origin, gender, or the presence of any sensory, mental, or physical disability is recognized as and declared to be a civil right. This right shall include, but not be limited to:

> (1) The right to obtain and hold employment without discrimination;

64. Arkansas Code Annotated 16-123-107(c)(1)(A) provides:

(c)(1)(A) Any individual who is injured by employment discrimination by an employer in violation of subdivision (a)(1) of this section shall have a civil action against the employer only in a court of competent jurisdiction, which may issue an order prohibiting the discriminatory practices and provide affirmative relief from the effects of the practices, and award back pay, interest on back pay, and, in the discretion of the court, the cost of litigation and a reasonable attorney's fee.

65. Arkansas Code Annotated 16-123-107(2)(A) provides:

(2)(A) In addition to the remedies under subdivision (c)(1)(A) of this section, any individual who is injured by intentional discrimination by an employer in violation of subdivision (a)(1) of this section shall be entitled to recover compensatory damages and punitive damages.

66. Plaintiff seeks to recover compensatory and punitive damages to the extent allowed by law, and in the discretion of the Court, to recover the cost of litigation and a reasonable attorney's fee.

## DAMAGES

67. Plaintiff sustained the following damages as a result of the actions and/or omissions of Entergy described hereinabove:

   a. Loss of actual wages;

   b. Loss of employee health and welfare benefits;

   c. Loss of employer/employee sponsored retirement benefits and contribution;

   d. All reasonable and necessary attorney's fees by or on behalf of Plaintiff;

   e. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

   f. All reasonable and necessary costs incurred in pursuit of this suit;

   g. Emotional pain;

   h. Expert fees as the Court deems appropriate;

   i. Mental anguish in the past; and

   j. Punitive damages.

## EXEMPLARY DAMAGES

68. Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages.

SPECIFIC RELIEF

69. Plaintiff seeks the following specific relief, which arises out of the actions, and/or omissions of Defendants described hereinabove:

    a. Prohibit by injunction the Defendants from engaging in unlawful employment practices;

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Ronnie Dickson, respectfully prays that Defendants be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for the Plaintiff against Defendants for compensatory damages in excess of the jurisdictional threshold, along with damages for delay, costs, fees, exemplary, aggravating circumstances damages, punitive damages, and all other damages allowable and recoverable by law.

Respectfully submitted,

LARRY J. STEELE PLC

By: *Larry J. Steele*
LARRY J. STEELE (78146)
225 West Elm Street
P.O. Box 561
Walnut Ridge, AR 72476-0561
(870) 886-5840
(870) 886-5873 fax
email: steelelaw7622@sbcglobal.net
*Attorney for Plaintiff, Ronnie Dickson*

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Ronnie Dickson<br>4915 East State Hwy 150<br>Blytheville, AR 72315 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2021-00369 | Lynda F. Fier,<br>Enforcement Supervisor | (501) 324-5468 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____   12-21-2020

Enclosures(s)                William A. Cash, Jr.,           *(Date Mailed)*
                             Area Office Director

cc:  Megan Nash
     Entergy Legal Counsel
     ENTERGY SERVICES DEPARTMENT
     639 Loyola Avenue, L-Ent-22b
     New Orleans, LA 70113



EXHIBIT A