IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

RONNIE DICKSON                                              PLAINTIFF

v.                         No. 3:21-cv-59-DPM

ENTERGY ARKANSAS, LLC and
ENTERGY OPERATIONS, INC.                                   DEFENDANTS

ORDER

1. Ronnie Dickson worked for Entergy Arkansas, LLC. He says the power company fired him because he's disabled and because he's white. In his pre-answer amended complaint, he brings many claims. The Entergy defendants move to dismiss, saying Dickson has failed to plead any solid federal claim. The Court accepts the well-pleaded facts as true. *Trone Health Services, Inc. v. Express Scripts Holdings Co.*, 974 F.3d 845, 850 (8th Cir. 2020).

In response to the motion, Dickson concedes various points. He agrees that Entergy Operations, Inc. should be dismissed. That means his conspiracy claim fails because there's no pleaded agreement between at least two co-conspirators. *Dodson v. Allstate Insurance Co.*, 345 Ark. 430, 445, 47 S.W.3d 866, 876 (2001). Dickson also acknowledges that Entergy didn't make a fraudulent request for payment from the government, which eliminates his claim under the

False Claims Act. 31 U.S.C. § 3729(a). Finally, Dickson agrees that Entergy is not a state actor. His constitutional claims therefore fail.

2. Dickson's federal and state disability discrimination claims are not adequately pleaded. The amended complaint doesn't plausibly allege an actual or perceived disability—a threshold requirement for a discrimination claim under the ADA. *Brunko v. Mercy Hospital*, 260 F.3d 939, 941 (8th Cir. 2001). Dickson says he suffered a work-related injury to his left arm, and his doctor told him to avoid lifting anything over five pounds. *Doc. 2 at ¶¶ 20, 23, & 42.* But the amended complaint fails to allege that Dickson's left-arm injury substantially limited one or more of his major life activities. 42 U.S.C. § 12102(2)(A). A general lifting restriction isn't a disability under the ADA. *Brunko*, 260 F.3d at 941. Dickson makes the conclusory allegation that the power company "viewed him as having a disability." *Doc. 2 at ¶ 32.* There are no particulars alleged, however, that suggest Entergy regarded Dickson's injury as substantially limiting. 42 U.S.C. § 12102(3).

3. Dickson's federal and state race discrimination claims are also missing key ingredients. He says Entergy discriminated against him (a white man) by firing him for using racially insensitive language on the job. *Doc. 2 at ¶¶ 25–30.* But Dickson doesn't allege that he was treated less favorably than any similarly situated non-white employee. *Lake v. Yellow Transportation Inc.*, 596 F.3d 871, 874 (8th Cir. 2010).

4. Dickson's retaliation claims are not adequately pleaded. The amended complaint doesn't plausibly allege that he engaged in statutorily protected conduct and then suffered an adverse employment action that was causally linked to the protected conduct — threshold requirements for a retaliation claim under Title VII. *Bakhtiari v. Lutz*, 507 F.3d 1132, 1137 (8th Cir. 2007); *Putman v. Unity Health Systems*, 348 F.3d 732, 737 (8th Cir. 2003). Dickson says he was fired for requesting medical treatment, taking medical leave, and filing an unidentified grievance with his union. *Doc. 2 at ¶ 44*. None of these activities is protected under Title VII. *Hunt v. Nebraska Public Power District*, 282 F.3d 1021, 1028 (8th Cir. 2002).

\* \* \*

Motion to dismiss, *Doc. 3*, granted with leave to amend. Unless Dickson can plead a plausible federal claim, the Court will decline to exercise supplemental jurisdiction over the state law slander claim. 28 U.S.C. § 1367(c). Any amended complaint due by 6 August 2021. The Court will withhold judgment in the meantime.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

12 July 2021

-3-