IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

RONNIE DICKSON                                           PLAINTIFF

v.                      No. 3:21-cv-59-DPM

ENTERGY ARKANSAS, LLC                          DEFENDANT

## ORDER

1.    Dickson's motion to amend, *Doc. 31*, is partially granted and partially denied without prejudice. The Court previously dismissed Dickson's disability-related claims and retaliation claims without prejudice for failing to state a claim upon which relief may be granted. *Doc. 25*. On a timely motion, he now seeks to file his proposed third amended complaint reasserting those claims and pleading additional facts. Entergy opposes the amendment. This case is still in its early stages and there would be no real prejudice in allowing the amendment. In the future, parties should follow the procedures outlined in the Court's Final Scheduling Order, *Doc 30*.

2.    Dickson's third amended complaint pleads a plausible disability-related claim under the ADA. The proposed additional facts support a reasonable inference that Dickson is a qualified individual under the ADA and that he can perform the essential functions of his job with a reasonable accommodation. 42 U.S.C. § 12112(a); *Cook v. George's, Inc.*, 952 F.3d 935, 939 (8th Cir. 2020). Dickson pleads that his

senior lineman duties included: driving a bucket truck; supervising employees; climbing poles; setting poles; hooking wiring; doing physical labor; lifting up to 100 pounds; and operating machinery. *Doc. 31–1 at 6–7.* He says that when he returned to work, he was able to drive the company truck and supervise other employees. Dickson was, he says, accommodated with a waiver of the other physical tasks and able to do his job for about a month. This makes out a plausible ADA claim. Whether Dickson was able to do a senior lineman's essential functions can be addressed on summary judgment. Dickson's proposed amendment sets out a non-futile claim for disability discrimination under the ADA. *Cook*, 952 F.3d at 940.

  **3.** Dickson's proposed amendments reasserting his retaliation claims, however, are futile. He adds that he made complaints to his union regarding employees' performances. Even with this additional allegation, Dickson has not sufficiently pleaded that he engaged in statutorily protected conduct and suffered an adverse employment action that was causally linked to the conduct. *Bakhtiari v. Lutz*, 507 F.3d 1132, 1137 (8th Cir. 2007). Dickson also adds that his supervisor told him that he didn't like it when he would call Robert Real, a black employee, for help, despite Real being qualified and available on short notice. *Doc. 31–1 at 9.* These allegations still aren't sufficient to support a reasonable inference of retaliation. The proposed amendment is therefore futile. *Cook*, 952 F.3d at 940.

\* \* \*

Motion for leave to amend, *Doc. 31*, granted in part and denied in part.  Dickson must do the following:  eliminate the constitutional tort references at page 3–4; eliminate his retaliation claim; and file his third amended complaint as revised by 19 July 2022.  We've had three rounds of motion practice on pleading issues.  Another round is not needed.  The remaining claims are best evaluated at summary judgment.  The Court cautions Dickson about not following this Court's Scheduling Order about the process for proposing amendments.  He must review that Order and follow it as applicable in the future.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_5 July 2022_